MKM

**M11-892**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MIGUEL MARIA LIRIANO,

        Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(T. 21, U.S.C., §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

    DONALD FARRIER, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about September 3, 2011, within the Eastern District of New York and elsewhere, the defendant MIGUEL MARIA LIRIANO did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

    (Title 21, United States Code, Sections 952(a) and 960).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about September 3, 2011, the defendant MIGUEL MARIA LIRIANO arrived at JFK International Airport ("JFK") in Queens, New York aboard Jet Blue flight no. 840 from Santo Domingo, Dominican Republic.

2. Customs and Border Protection ("CBP") Officers determined that the defendant's ticket was purchased the same day as the flight. The price of the ticket was $800 and the defendant also paid a $40 fee because he had missed his flight and changed his ticket to a later flight.

3. Upon being interviewed by CBP officers, the defendant stated, in sum and substance, that he had been unemployed for approximately one year. The defendant, however, could not explain how he had gotten the money to purchase the airplane ticket or the $170 in cash that he was traveling with.

4. The defendant was then presented with an x-ray consent form, which he read, understood and voluntarily sign.

5. The defendant was transported to the medical facility at JFK where an x-ray was taken of the defendant's intestinal tract, which was positive for foreign bodies.

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

6. The defendant subsequently passed nine pellets, one of which was probed. The substance revealed as a result of the probe field-tested positive for the presence of cocaine.

7. The defendant MIGUEL MARIA LIRIANO will be detained at the JFK medical facility until such time as he has passed all of the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that the defendant MIGUEL MARIA LIRIANO be dealt with according to law.

DONALD FARRIER
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
4th day of September, 2011

HONORABLE
UNITED S1
EASTERN I